## STATE v. CHARLIE HUNTLEY.

### (Filed 26 October, 1910.)

1. **Murder—Justice's Warrant of Arrest—Evidence.**
   Upon this trial for murder, the refusal to permit the introduction in evidence of the warrant of the justice of the peace under which the prisoner was arrested was not erroneous.

2. **Instructions—Modification—Record—Appeal and Error.**
   The trial judge not having been requested to put his charge in writing, and there being no exception on that account, an exception to the modification of a requested prayer for instruction will not be considered on appeal when it does not appear in what respect the modification was made or how it may have affected the prayer refused.

APPEAL from *W. J. Adams, J.*, at the Fall Term, 1910, of ANSON.

Indictment for murder.

The defendant was tried for murder in second degree and convicted of manslaughter. From the judgment of the court defendant appeals.

*Attorney-General* and *G. L. Jones* for State.
*J. A. Lockhart* and *T. L. Caudle* for defendant.

PER CURIAM. The only exception to the evidence is to the refusal of the court to permit the introduction of the warrant of the justice of the peace under which the defendant was arrested. We see no error in this, as it is not shown to be prejudicial.

The sixteenth and seventeenth exceptions relate to a prayer of the defendant, marked "modified and given."

It does not appear in the record here in what respect the prayer was modified. It does not appear that the court was requested to put the charge in writing and no exception is taken on that account. The case on appeal was not made up by the judge but by the solicitor and appellant's counsel and signed by them.

It was appellant's duty to set out the modification. Not being before us we cannot pass upon its correctness.

The only other exception relied upon in the brief is the 22d and that we think is without merit.

The charge of the court followed well settled precedents of this Court and fully and fairly presented every phase of the case to the jury. The evidence well warranted the verdict rendered.

No error.